Vitor LASKU, Petitioner,

v.

**Michael B. MUKASEY, United States Attorney General [1], Respondent.**

**No. 07–2852–ag.**

United States Court of Appeals, Second Circuit.

Feb. 29, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney Michael B. Mukasey is automatically substituted for former Attorney Alberto R. Gonzales as the respondent in this case.

Andrew P. Johnson, New York City, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Mary Jane Candaux, Assistant Director; Edward E. Wiggers, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

### *SUMMARY ORDER*

Vitor Lasku, a native and citizen of Albania, seeks review of a June 7, 2007 order of the BIA affirming the September 27, 2005 decision of Immigration Judge ("IJ") Michael W. Straus, denying his application for asylum and withholding of removal. *In re Vitor Lasku,* No. A96 266 070 (B.I.A. Jun. 7, 2007), *aff'g* No. A96 266 070 (Immig. Ct. Hartford Sep. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclu-sive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

As an initial matter, we note that we are without jurisdiction to review the agency's determination that Lasku's asylum claim was untimely where he fails to raise a constitutional claim or a question of law. 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).

We further find that the agency properly determined that there has been a fundamental change in circumstances in Albania such that, even if Lasku suffered past persecution, he would not benefit from a presumption of a well-founded fear of persecution. JA at 2–3; *See* 8 C.F.R. § 1208.16(b)(1)(i); *Hoxhallari v. Gonzales,* 468 F.3d 179 (2d Cir.2006). While Lasku's claim was based on alleged persecution he suffered as a Democratic Party political activist, the BIA found that "Albania's current prime minister, elected in 2005, is a member of the Democratic Party," the "State Department indicates that 'neither the Government nor the major political parties engage in politics of abuse or coercion against their political opponents,'" and "the most recent Country Reports . . . cite few, if any, instances of politically motivated violence." Therefore, the agency's finding that circumstances in Albania

have fundamentally changed is supported by substantial evidence and its denial of Lasku's withholding of removal claim was proper.

Finally, Lasku's CAT claim necessarily fails where it was based upon the same factual predicate as his withholding of removal claim. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); 8 C.F.R. § 1208.16(c)(3)(ii)–(iv) (for CAT relief, country conditions must be considered to determine the likelihood of torture upon removal).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).